IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

TAM MINH PHAM,

    Plaintiff,

v.

BRIAN MOYNIHAN, *et al.*,

    Defendants.

Case No.: GJH-17-2342

## MEMORANDUM OPINION

Plaintiff Tam Minh Pham brings this *pro se* action against Defendants Brian Moynihan, Paul Donofrio, LaTonya Fuqua (collectively, "BANA Defendants"), and Laura H.G. O'Sullivan following foreclosure of his residence. The following motions are presently pending before the Court: Plaintiff's Motion to Remand, ECF No. 19; BANA Defendants' Motion to Dismiss, ECF No. 20; O'Sullivan's Motion to Dismiss, ECF No. 44; BANA Defendants' Motion to Stay Discovery, ECF No. 48; and Plaintiff's Motions to Strike, ECF Nos. 40, 49, 54. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motions are granted and Plaintiff's Motions are denied.[1]

### I.    BACKGROUND

Plaintiff filed his Complaint in the Circuit Court for Montgomery County on June 14, 2017, bringing the following claims: "Deceptive business practices"; "Failure to honor tacit agreement"; and "Wrongful foreclosure." ECF No. 2. The claims appear to be related to a home

---

[1] Because the Court will dismiss Plaintiff's claims with prejudice, BANA Defendants' Motion to Stay Discovery is denied as moot. Furthermore, Plaintiff's Motions to Strike were filed to rebut the arguments made in the Defendants' dispositive motions and are more properly construed as responses in opposition to those motions.

1

loan serviced by Bank of America, N.A. ("BANA") and a follow-on foreclosure action in the Circuit Court for Montgomery County. *See* ECF Nos. 2; 2-1 (referencing "Case # 423746-V" and "Loan Account # 185084897"). Plaintiff does not set out any facts beyond an allegation that Defendants failed to rebut Plaintiff's sworn "Commercial Affidavit Process (C.A.P.)" and are "estopp[ed] by acquiescence." In reviewing Plaintiff's Complaint and attached exhibits, the Court understands Plaintiff's argument to be that his BANA home loan is either void or paid in full, rendering the resulting foreclosure action invalid.

BANA Defendants removed the action to this Court on August 15, 2017, *see* ECF No. 1; ECF No. 12 (O'Sullivan's consent to removal) and have informed the Court of the prior foreclosure action underlying Plaintiff's Complaint. *See* ECF No. 20-1 at 2.[2] On or about July 15, 2008, Plaintiff and Chi Kim Trang executed a Deed of Trust securing a loan in the amount of $245,880.00 (the "Loan") in favor of Cambridge Home Capital, LLC with the property located at 19671 Club Lake Road, Gaithersburg, MD 20866 (the "Property"). On or about January 19, 2012, the Deed of Trust was assigned to BANA, BANA Defendants' employer and the servicer of the Loan. Due to Plaintiff's default on the Loan, on or about August 5, 2016, the Substitute Trustees, including O'Sullivan, filed foreclosure case number 423746V in the Circuit Court for Montgomery County ("Foreclosure Action"). On March 29, 2017, the Property was sold at the foreclosure sale to the highest bidders, Mohammad Sohrab and Fariba Sohrab. On June 16, 2017,

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

loan serviced by Bank of America, N.A. ("BANA") and a follow-on foreclosure action in the Circuit Court for Montgomery County. *See* ECF Nos. 2; 2-1 (referencing "Case # 423746-V" and "Loan Account # 185084897"). Plaintiff does not set out any facts beyond an allegation that Defendants failed to rebut Plaintiff's sworn "Commercial Affidavit Process (C.A.P.)" and are "estopp[ed] by acquiescence." In reviewing Plaintiff's Complaint and attached exhibits, the Court understands Plaintiff's argument to be that his BANA home loan is either void or paid in full, rendering the resulting foreclosure action invalid.

BANA Defendants removed the action to this Court on August 15, 2017, *see* ECF No. 1; ECF No. 12 (O'Sullivan's consent to removal) and have informed the Court of the prior foreclosure action underlying Plaintiff's Complaint. *See* ECF No. 20-1 at 2.[2] On or about July 15, 2008, Plaintiff and Chi Kim Trang executed a Deed of Trust securing a loan in the amount of $245,880.00 (the "Loan") in favor of Cambridge Home Capital, LLC with the property located at 19671 Club Lake Road, Gaithersburg, MD 20866 (the "Property"). On or about January 19, 2012, the Deed of Trust was assigned to BANA, BANA Defendants' employer and the servicer of the Loan. Due to Plaintiff's default on the Loan, on or about August 5, 2016, the Substitute Trustees, including O'Sullivan, filed foreclosure case number 423746V in the Circuit Court for Montgomery County ("Foreclosure Action"). On March 29, 2017, the Property was sold at the foreclosure sale to the highest bidders, Mohammad Sohrab and Fariba Sohrab. On June 16, 2017,

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the sale was ratified. On or about July 6, 2017, NMA Homes, LLC ("NMA") was substituted as the purchaser, and on or about July 25, 2017, the Property was deeded to NMA.[3]

## II. DISCUSSION

### A. Motion to Remand

BANA Defendants removed Plaintiff's action under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and state that Plaintiff is a citizen of Maryland and Defendants Moynihan, Donofrio, and Fuqua are citizens of Massachusetts, New York, and Texas, respectively. ECF No. 1 ¶¶ 16–19. Plaintiff appears to argue that because O'Sullivan is a named defendant, the Court does not have complete diversity of citizenship. ECF No. 19; *see also* 28 U.S.C. § 1441(b)(2) (actions may not be removed on the basis of diversity jurisdiction if any defendant is "a citizen of the State in which such action is brought"). BANA Defendants acknowledge that O'Sullivan is a resident of Maryland, ECF No. 1 ¶ 20, but argue that the Court should disregard O'Sullivan's citizenship under the doctrine of fraudulent joinder. *See* ECF No. 1 at 4–5 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("The [fraudulent joinder] doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants."); *see also Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 719–20 (D. Md. 2000) ("a removing defendant seeking to show fraudulent joinder must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court") (internal citation omitted).

---

[3] The Court takes judicial notice of the following public records providing background to the foreclosure action and relies on these records without converting BANA Defendants' Motion to a motion for summary judgment: Deed of Trust, ECF No. 20-2, Assignment of Deed of Trust, ECF No. 20-3, Foreclosure Action docket, ECF No. 20-4; Trustees' Deed, ECF No. 20-5. *See Philips v. Pitt County Memorial Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.")).

3

BANA Defendants' argue that there is no possibility that Plaintiff can establish a viable cause of action against O'Sullivan in state court. The Court agrees. Here, Plaintiff's claims appear to dispute the legality of the foreclosure action by challenging the underlying Note and BANA's failure to respond to the "Commercial Affidavit Process"—neither of which implicate O'Sullivan, the Substitute Trustee. *See* ECF Nos. 2-1, 2-2 (correspondence from Plaintiff to BANA Defendants' regarding propriety of Plaintiff's loan). And while O'Sullivan was involved in the Foreclosure Action, which Plaintiff also appears to challenge, Plaintiff does not allege any discernable conduct attributable to O'Sullivan that could feasibly warrant relief. *See e.g., Davis v. Wilmington Finance, Inc.*, No. PJM 09-1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26, 2010) (noting that "wrongful foreclosure" is not a separate cause of action in Maryland). In his motion to remand, Plaintiff simply states that "O'Sullivan voluntarily engages herself in a 'Mortgage Fraud' lawsuit with a specific intention to help other defendants sell/steal the Plaintiff's lawfully-owned property." ECF No. 19 ¶ 2. Therefore, the Court will disregard O'Sullivan for diversity of citizenship purposes. Finding that complete jurisdiction exists, the Court has jurisdiction over Plaintiff's action and removal is proper.[4]

### B. Motion to Dismiss

It is apparent that Plaintiff's action is an attempt to re-litigate or collaterally attack a final order ratifying the foreclosure sale in a state court foreclosure proceeding. Because the validity of the foreclosure was finally adjudicated on the merits when the Circuit Court ratified the sale,

---

[4] Plaintiff alleges damages of $1 million, which exceeds the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). *See Choice Hotels Int'l, Inc. v. Shiv Hospitality*, LLC, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.") (citation and internal quotation omitted).

Plaintiff's action is barred by *res judicata*.[5] *See* 20-4; *see also Manigan v. Burson*, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004) ("The law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings.") (citation omitted). Both Plaintiff's Complaint and the prior Foreclosure Action arise out of the same underlying issues—whether the foreclosure of Plaintiff's property was valid and legally enforceable. As such, the claims herein are based on the same facts and allegations that have, or should have, been raised in the prior final order and are therefore barred by *res judicata* and dismissed with prejudice.

Alternatively, Plaintiff's Complaint must also be dismissed as Plaintiff fails to provide "a short and plain statement of the claim showing that [he] is entitled to relief" as required by Federal Rule of Civil Procedure 8(a). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plaintiff's Complaint consists solely of legal buzzwords and confusing conclusions related to BANA's servicing of his loan, without

---

[5] The doctrine of *res judicata* bars the re-litigation of a claim if: (i) there is a previous final judgment on the merits in a court of competent jurisdiction in accordance with the requirements of due process; (ii) the parties are identical or in privity; and (iii) the claims in the second matter are based on the same cause of action in the earlier matter. *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015); *see also Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643–44 (4th Cir. 2011) (finding privity between the substitute trustees, who filed foreclosure action, and servicer named in separate lawsuit because both represented the same legal right – the right to foreclose); *McMillan v. Bierman, Gessing, Ward & Wood LLC*, No. WMN-11-2048, 2012 WL 425823, at *4 (D. Md. Feb. 8, 2012) (holding that following final judgment in a foreclosure action, *res judicata* bars claims against substitute trustees and debt servicer related to underlying foreclosure).

5

including any specific factual allegations related to any of the named defendants. Even construing *pro se* Plaintiff's claims liberally, the Court is unable to decipher what Plaintiff alleges Defendants did that potentially violates any common law or statutory requirements. Thus, the Complaint is also dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No.19, shall be denied, Defendants' Motions to Dismiss, ECF Nos. 20, 44, shall be granted, Plaintiff's Motions to Strike, ECF Nos. 40, 49, 54, shall be denied, and BANA Defendants' Motion to Stay Discovery, ECF No. 48, shall be denied as moot. A separate Order follows.

Dated: April 27, 2018

GEORGE J. HAZEL
United States District Judge